IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

| | |
|---|---|
| STUART APPELBAUM, LENORE F. MILLER, JOHN WHITAKER, JACK WURM, JR., DONALD R. HOPKINS, MARSUE LANCASTER, and DAVID ARMSTRONG as Trustees and Fiduciaries of the RETAIL, WHOLESALE AND DEPARTMENT STORE INTERNATIONAL UNION AND INDUSTRY PENSION FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> FOOD GIANT, INC. d/b/a "FOOD GIANT STORES, INC.", MITCHELL GROCERY CORP., JMBL, INC., MITCHELL RETAIL PROPERTIES, L.L.C., PINSON VALLEY PROPERTIES, L.L.C., and B. & G. SUPPLY COMPANY, <br><br> Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiffs, the Trustees and Fiduciaries of the Retail, Wholesale and Department Store International Union and Industry Pension Fund ("Trustees," "Plaintiffs," or "Fund"), make the following allegations in support of their request for a judgment against Defendants FOOD GIANT, INC. d/b/a "FOOD GIANT STORES, INC.", MITCHELL GROCERY CORP., JMBL, INC., MITCHELL RETAIL PROPERTIES, L.L.C., PINSON VALLEY PROPERTIES, L.L.C., and B. & G. SUPPLY COMPANY (collectively, "Defendants"):

## INTRODUCTION

1. Plaintiffs seek to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461, ("ERISA"), and pursuant to the Trust Agreement and the Retail, Wholesale and Department Store International Union and Industry Pension Plan that govern the Fund (the "Trust Agreement" and the "Plan").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to Sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1451(c).

3. Venue lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Fund has its offices within the Southern Division of the Northern District of Alabama and the Defendants are located within the Southern and Middle Divisions of the Northern District.

## PARTIES

4. The Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). It was established pursuant to the terms of various collective bargaining agreements between various locals of the Retail, Wholesale and Department Store International Union, which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make contributions to the Fund on behalf of their employees covered by the collective bargaining agreements. The Fund provides pension benefits to covered employees, retirees, and their dependents. The Fund is operated pursuant to the terms of its Trust Agreement and Plan.

5. The Fund's principal office is located at 1901 Tenth Avenue South, Birmingham, Alabama within Jefferson County, Alabama.

6. The Trustees are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Fund, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. Upon information and belief, Defendant FOOD GIANT, INC., d/b/a "FOOD GIANT STORES, INC.", is an Alabama domestic corporation that maintains a principal place of business at 550 Railroad Avenue, Albertville, Alabama 35950, within Marshall County, Alabama, and lists the registered office street address of 700 N. 19th Street, Bessemer, Alabama 35020, within Jefferson County, Alabama, with the Alabama Secretary of State.

8. No corporation named "Food Giant Stores, Inc." has ever been registered with the Alabama Secretary of State.

9. Upon information and belief, Defendant MITCHELL GROCERY CORP. is an Alabama domestic corporation that maintains a principal place of business at 550 Railroad Avenue, Albertville, Alabama 35950, within Marshall County, Alabama, and lists the same address as its registered office street address with the Alabama Secretary of State.

10. Upon information and belief, Defendant JMBL, INC. is an Alabama domestic corporation that maintains a principal place of business at 550 Railroad Avenue, Albertville, Alabama 35950, within Marshall County, Alabama, and lists Post Office Box 980, Albertville, Alabama 35950, in Marshall County, Alabama, as its registered office mailing address with the Alabama Secretary of State.

11. Upon information and belief, Defendant MITCHELL RETAIL PROPERTIES L.L.C. is an Alabama limited liability company that maintains a principal place of business at 550

3

Railroad Avenue, Albertville, Alabama 35950, within Marshall County, Alabama, and lists the same address as its registered office street address with the Alabama Secretary of State.

12. Upon information and belief, Defendant PINSON VALLEY PROPERTIES L.L.C. is an Alabama limited liability company that maintains a principal place of business at 550 Railroad Avenue, Albertville, Alabama 35950, within Marshall County, Alabama, and lists the same address as its registered office street address with the Alabama Secretary of State.

13. Upon information and belief, B. & G. SUPPLY COMPANY is an Alabama corporation that maintains a principal place of business at 800 Railroad Avenue, Albertville, Alabama 35950, within Marshall County, Alabama. B. & G. SUPPLY COMPANY has no registered address with the Alabama Secretary of State, but it uses the address 800 Railroad Avenue, Albertville, Alabama repeatedly on its Annual Reports, including its 2020 Annual Report, to the Secretary of State.

## WITHDRAWAL LIABILITY

14. Local 615 of the Retail, Wholesale and Department Store International Union entered into a collective bargaining agreement and a series of memo renewals thereof with an entity sometimes calling itself "Food Giant Stores, Inc." and sometimes calling itself "Food Giant, Inc." beginning on January 1, 1997. The final such agreement expired on February 28, 2018.

15. Plaintiffs aver on information and belief that "Food Giant Stores, Inc." is a doing-business-as name sometimes used by Defendant Food Giant, Inc. (hereafter, the name "Food Giant" will be used to refer collectively to both Defendant Food Giant, Inc. and Food Giant, Inc. d/b/a "Food Giant Stores, Inc.").

16. Per Article IX of the collective bargaining agreements, Food Giant is bound to the Trust Agreement and the Plan.

17. According to the Fund's records, Food Giant permanently ceased to have an obligation to contribute to the Fund as of August 1, 2017. Pursuant to ERISA Section 4203(a), 29 U.S.C. § 1383(a), and Article XII § 2 of the Plan, such permanent cessation of Food Giant's obligation to contribute to the Fund constitutes a "complete withdrawal" from the Fund.

18. Pursuant to ERISA Section 4201, 29 U.S.C. § 1381, Food Giant is obligated to pay withdrawal liability to the Fund for its proportionate share of the Fund's unfunded vested benefits. In accordance with ERISA Section 4211, 29 U.S.C. § 1391, and the applicable provisions of the Trust Agreement and the Plan, the Fund has calculated Food Giant's withdrawal liability to be $202,779.

19. By letter dated January 10, 2019, in accordance with ERISA Section 4219(b)(1), 29 U.S.C. § 1399(b)(1), the Fund sent Food Giant a written demand for payment of its withdrawal liability, including a payment schedule, according to which Food Giant was obligated to pay 80 quarterly payments of $2,590 commencing on March 3, 2019. See Exhibit A hereto, letter dated January 10, 2019 and proof of mailing.

20. Food Giant did not contest the Trustees' finding that it had withdrawn from the Fund nor did it challenge the Fund's withdrawal liability assessment.

21. Food Giant failed to make the initial payment of $2,590 due on March 3, 2019. To date, Food Giant has not made the initial payment or any subsequent payments.

22. By letter dated July 19, 2019, the Trustees notified Food Giant of its failure to make its withdrawal liability payments, and informed it that it had sixty (60) days to cure its default and make its withdrawal liability payments. See Exhibit B hereto, letter dated July 19, 2019

and proof of mailing.

23. Food Giant did not cure its failure to make quarterly withdrawal liability payments. Thus, by failing to make its withdrawal liability payments within sixty (60) days of receiving notice of such failure, Food Giant defaulted on its withdrawal liability obligations to the Fund under the provisions of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), and within the meaning of Article XII § 12(i) of the Plan.

24. Article IX.5(a) of the Trust Agreement requires employers that are in default for over ten days on delinquent contributions to pay interest at the rate of 1-1/2 percent (1.5%) per month.

25. ERISA Section 4301(b), 29 U.S.C. § 1451(b), requires that the same interest rate apply to withdrawal liability as to delinquent contributions.

26. The entire outstanding balance of Food Giant's withdrawal liability, $205,779, plus interest at the rate of 1-1/2 percent (1.5%) per month running from March 13, 2019, ten days after the date the first payment was due, is therefore due and owing pursuant to ERISA Sections 515 and 4219(c)(5) and (6), 29 U.S.C. §§ 1145, 1399(c)(5) and (6).

27. In accordance with ERISA Sections 502(g)(2)(C) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b), Food Giant is also obligated to pay the greater of either liquidated damages in the form of twenty percent (20%) of the unpaid amount due and owing or additional interest at the Trust Agreement rate of 1-1/2 percent (1.5%) per month.

28. In the present case, twenty percent (20%) of $205,779 is $41,155.80. Interest at the Trust Agreement rate of 1-1/2 percent (1.5%) per month from March 13, 2019 until May 10, 2020 is $43,027.54. Therefore, Food Giant owes additional interest at the Trust Agreement rate rather than an additional twenty percent (20%).

29. In accordance with ERISA Sections 502(g)(2)(D) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b), Food Giant is also obligated to pay the Plaintiffs' costs and attorneys' fees.

CONTROLLED GROUP LIABILITY
OF MITCHELL GROCERY CORP., JMBL, INC., MITCHELL RETAIL PROPERTIES, L.L.C., PINSON VALLEY PROPERTIES, L.L.C., AND B. & G. SUPPLY COMPANY

30. Upon information and belief, Defendant Food Giant is in a controlled group with Defendants Mitchell Grocery Corp., JMBL, Inc., Mitchell Retail Properties, L.L.C., Pinson Valley Properties, L.L.C., and B. & G. Supply Company.

31. Food Giant principal Jay W. Mitchell signed all eight of the renewal collective bargaining agreements with Local 615 from 2002 to 2015, including the final 2015-2018 CBA that was in effect at the time of the complete withdrawal on August 1, 2017. See Exhibit C hereto, collected CBAs 1997-2018.

32. Jay W. Mitchell is the registered agent of Food Giant, Inc. with the Alabama Secretary of State.

33. Jay W. Mitchell is also the registered agent of Defendant JMBL, Inc. with the Alabama Secretary of State.

34. JMBL, Inc.'s registered office street address with the Alabama Secretary of State is 550 Railroad Avenue, Albertville, Alabama 35950.

35. The property at 550 Railroad Avenue, Albertville, Alabama 35950 is owned by Mitchell Grocery Corp.

36. The registered agent of Mitchell Grocery Corp. with the Alabama Secretary of State is David Mitchell.

37. Upon information and belief, David Mitchell and Jay W. Mitchell are brothers and the sons of the late Jack Mitchell, whose father founded Mitchell Grocery Corp.

38. Mitchell Grocery Corp.'s registered office street address with the Alabama Secretary of State is also 550 Railroad Avenue, Albertville, Alabama 35950.

39. 550 Railroad Avenue, Albertville, Alabama 35950 is a large yard of warehouse buildings. Trucks bearing the names "Mitchell" and "B&G Supply Co." park throughout the yard.

40. B. & G. Supply Company maintains an office and adjacent truck yard at 800 Railroad Avenue, Albertville, Alabama 35950.

41. Trucks bearing the names "Mitchell" and "B&G Supply Co." park throughout the truck yard adjacent to 800 Railroad Avenue, Albertville, Alabama 35950.

42. B. & G. Supply Company's website shows many Mitchell trucks using its facilities adjacent to 800 Railroad Avenue, Albertville, Alabama 35950. The uses include not merely parking but also receiving maintenance in mechanics' bays and using the private gas pump.

43. B. & G. Supply Company's website lists the late Jack Mitchell, father of Jay W. Mitchell and David Mitchell, as the company's Vice President.

44. B. & G. Supply Company's 2020 Annual Report filed with the Alabama Secretary of State lists Sammy Mitchell as the corporation's secretary.

45. Upon information and belief, Sammy Mitchell is a relative of the late Jack Mitchell and his sons Jay W. Mitchell and David Mitchell.

46. The "HR & Safety Manager" listed on B. & G. Supply Company's "Contact Us" page has an email address ending in "@mitchellgrocery.com."

47. Jay W. Mitchell is the registered agent of both Defendant Mitchell Retail Properties, L.L.C. and Defendant Pinson Valley Properties, L.L.C. with the Alabama Secretary of State.

48. Mitchell Retail Properties, L.L.C. and Pinson Valley Properties, L.L.C. both have Mitchell Grocery Corp.'s 550 Railroad Avenue, Albertville, Alabama 35950 property as their registered office street address with the Alabama Secretary of State.

49. Mitchell Grocery Corp. has copyrighted a webpage at myfoodgiant.com that advertises a grocery retail store in Pinson, Alabama.

50. Upon information and belief, at all relevant times, all Defendants were operated for income and profit with continuity and regularity.

51. Upon information and belief, as a result of their common ownership, Food Giant and Mitchell Grocery Corp. are trades or businesses which are under common control within the meaning of 29 U.S.C. § 1301(b)(1) and 26 C.F.R §1.414(c)-1 to (c)-5 (i.e., a "controlled group").

52. Upon information and belief, as a result of their common ownership, Food Giant and JMBL, Inc. are trades or businesses which are under common control within the meaning of 29 U.S.C. § 1301(b)(1) and 26 C.F.R §1.414(c)-1 to (c)-5.

53. Upon information and belief, as a result of their common ownership, Food Giant and Mitchell Retail Properties, L.L.C. are trades or businesses which are under common control within the meaning of 29 U.S.C. § 1301(b)(1) and 26 C.F.R §1.414(c)-1 to (c)-5.

54. Upon information and belief, as a result of their common ownership, Food Giant and Pinson Valley Properties, L.L.C. are trades or businesses which are under common control within the meaning of 29 U.S.C. § 1301(b)(1) and 26 C.F.R §1.414(c)-1 to (c)-5.

55. Upon information and belief, as a result of their common ownership, Food Giant and B. & G. Supply Company are trades or businesses which are under common control within the meaning of 29 U.S.C. § 1301(b)(1) and 26 C.F.R §1.414(c)-1 to (c)-5.

56. Therefore, all six Defendants are trades or businesses which are under common control within the meaning of 29 U.S.C. § 1301(b)(1) and 26 C.F.R §1.414(c)-1 to (c)-5 and are in a single controlled group.

57. Pursuant to ERISA Section 4001(b)(1), 29 U.S.C. § 1301(b)(1), all trades or businesses under common control are treated as a single employer for the purpose of collecting withdrawal liability, and each is jointly and severally liable for the withdrawal liability of another.

58. As entities within a controlled group, Food Giant and Mitchell Grocery Corp. are jointly and severally liable for the withdrawal liability incurred by Food Giant.

59. As entities within a controlled group, Food Giant and JMBL, Inc. are jointly and severally liable for the withdrawal liability incurred by Food Giant.

60. As entities within a controlled group, Food Giant and Mitchell Retail Properties L.L.C. are jointly and severally liable for the withdrawal liability incurred by Food Giant.

61. As entities within a controlled group, Food Giant and Pinson Valley Properties L.L.C. are jointly and severally liable for the withdrawal liability incurred by Food Giant.

62. As entities within a controlled group, Food Giant and B. & G. Supply Company are jointly and severally liable for the withdrawal liability incurred by Food Giant.

63. Therefore, all six Defendants are jointly and severally liable for the withdrawal liability incurred by Food Giant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against all Defendants for withdrawal liability in the amount of $205,779, plus interest at the rate set by the Trust Agreement

running from March 13, 2019 until the date on which judgment is entered, plus additional interest, plus attorneys' fees and costs, plus such other relief as the Court deems appropriate.

/s/ Clyde E. Riley

CLYDE E. RILEY (asb-3156-e65c)
Attorney for Plaintiffs Stuart Appelbaum, Lenore F. Miller, John Whitaker, Jack Wurm, Jr., Donald R. Hopkins, Marsue Lancaster, and David Armstrong as Trustees and Fiduciaries of the Retail, Wholesale and Department Store International Union and Industry Pension Fund

**OF COUNSEL:**

RILEY LAW FIRM
2175 11th Court South
Birmingham, Alabama 35205
(205) 212-5577
(205) 212-9001 fax


**OF COUNSEL:**

FRIEDMAN & ANSPACH
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500
Facsimile: (212) 719-9072

**SERVE THE DEFENDANTS AT:**

FOOD GIANT, INC. D/B/A FOOD GIANT STORES, INC.
700 North 19th Street
Bessemer, AL 35020

MITCHELL GROCERY CORP
550 Railroad Avenue
Albertville, AL 35950

JMBL, INC.
550 Railroad Avenue
Albertville, AL 35950

MITCHELL RETAIL PROPERTIES, INC.
550 Railroad Avenue
Albertville, AL 35950

PINSON VALLEY PROPERTIES, LLC
550 Railroad Avenue
Albertville, AL 35950

B. & G. SUPPLY COMPANY
800 Railroad Avenue
Albertville, AL 35950